| | | |
|---|---|---|
| **AC46588** | : | **APPELLATE COURT** |
| **T.A.** | | |
| **PLAINTIFF/APPELLANT** | : | **STATE OF CONNECTICUT** |
| **VS.** | : | |
| **M.L.** | | |
| **DEFENDANT/APPELLEE** | : | **JULY 12, 2023** |

### MOTION FOR TO VACATE TRIAL COURT ORDERS

The plaintiff-appellant hereby moves that the appellate court vacate all disputed orders made by the trial court in this matter. The plaintiff-appellant asks that all orders be vacated and/or the court order a stay of any proceedings ancillary to this case. The following is for consideration of the court pursuant to this motion:

**I.     BRIEF HISTORY OF THE CASE**

Plaintiff initiated a court action in September of 2019 in New Haven Superior Court to obtain court ordered child support payments, legal custody, and a visitation schedule for Angelina. The parties attended hearings on 11/5/2019 and 11/7/2019 and a final judgment was subsequently entered which ordered Mr. Lodice to pay 50% of all childcare and medical payments, and $120.00 per week in child support to Ms. Antar. The court ordered joint custody between the parties and primary residency with Ms. Antar. Visitation was ordered to be worked out between the parties on a week-by-week basis, and Mr. Lodice was also ordered to allow Ms. Antar to obtain a passport for Angelina. The parties

1

then entered into an agreement without court appearance on 6/18/2021 and modified the visitation schedule to set a specific schedule for the Defendant and specify parenting arrangements regarding holidays and other special events.

In November of 2021, Ms. Antar filed a motion for contempt for Mr. Lodice's nonpayment of child support and a motion for modification to increase the child support amount as Mr. Lodice was making substantially more income at the time. In March of 2022, both parties filed post-judgment motions for modification of custody/visitation/access as well as contempt motions. Most of these motions were resolved by agreement in April of 2022, however subsequently several other contempt and modifications were filed by both of the parties. A 2-hour hearing took place on 4/5/23 and another 2-hour hearing took place on 5/25/23 regarding some, but not all, of the post-judgment motions that were pending at the time.

At the end of the 5/25/23 hearing, a "temporary" order was put in place that was said to give the Defendant sole legal and sole physical custody of the minor child and stated that the Plaintiff-Appellant was to be "supervised under conditions as determined by the father" and a court date was set for 6/15/23. Between 5/25/23 to 6/15/23, Ms. Antar this appeal, a motion for disqualification of judicial authority, and several post-judgment motions, including an emergency ex-parte motion for custody of the minor child, motion for modification, motion for contempt, and several emergency applications for relief from abuse. All those motions were set to be heard on 6/15/23 at 2:00PM.

On 6/15/23, none of the aforementioned motions were heard. The only thing that took place was the testimony of two witnesses who were subpoenaed sua sponte by the court.

## II.      SPECIFIC FACTS UPON WHICH THE PLAINTIFF-APPELLANT RELIES

Ms. Antar, The Plaintiff-Appellant relies on the fact that Judge Jane Grossman denied her the right to due process and the right to a fair hearing. Judge Jane Grossman's biased and prejudiced decision to make a drastic court order sua sponte that forced a 4-year-old young girl to leave the only home she ever knew with her mother and older sister where she lived as her primary residence for four years and go to live with her father who has a long history of violence, criminal history, and substantiations of neglect and abuse with DCF for neglecting his other children.

Mr. Lodice failed to comply with several court orders, such as: refusing to pay child support, refusing to pay for court-order childcare and medical costs, refusing to comply with court orders to attend mediations for a custody evaluation, refusing to sign releases for prior mental health providers to access mental health information for a custody evaluation, refusals to comply with court ordered discovery and mandatory disclosure, refusals to comply with orders to produce previously ordered discovery and disclosure, and continuing to harass and psychologically abuse the Plaintiff-Appellant throughout the process of litigation abuse as a form of coercive control in violation of statutory laws set forth in Public Act 21-78, The Best Interest of the Child Standard, and other statutes regarding custody, visitation, and the modification of existing orders without agreement of the parties.

Judge Jane Grossman ignored all 17 factors of the "Best Interest of the Child Standard" and made her decision to give Ms. Antar supervised visitation of her child

3

with no set schedule and leave it up to the entire discretion of an individual who she is the protected party of a protective order with based solely on her bias, prejudice, and dislike of Ms. Antar.

### III. LEGAL GROUNDS UPON WHICH THE PLAINTIFF-APPELLANT RELIES

In accordance with both state, federal, and constitutional laws, the Plaintiff-Appellant relies on the fact that her constitutional rights were violated, and the Superior Court New Haven and in particular all orders entered into by the Honorable Jane Kupson Grossman were in violation of constitutional and statutory provisions, in excess of the statutory authority, made upon unlawful procedure, affected by other error of law, clearly erroneous in view of reliable, probative, and substantial evidence on the whole record, and/or arbitrary or capricious or characterized by abuse of discretion, bias, or clearly unwarranted exercise of discretion.

July 12, 2023 Respectfully submitted,

/s/ Theodora F. Antar

*Plaintiff-Appellant, Pro Se*

856 Shagbark Drive

Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419

4

## **CERTIFICATION OF SERVICE**

I hereby certify that on July 12, 2023, I served a copy of the foregoing Motion to vacate to all counsel and parties on record as listed below:

Matthew John Lodice Pro, Se (Defendant in underlying action/Respondent #2)

48 Quarry Hill Rd, Waterbury, CT, 06706

T: (203) 919-9528 C: (860) 518-2388 matthewlodice@gmail.com


Support Enforcement Services (Juris 104033) SES New Haven

414-A Chapel street, 2nd floor, New Haven, CT, 06511


Attorney General (Family) 46b-55(a) AAG Gail M. Lawrence (401580)

AG-Collections/Child Supp 165 Capital Ave, 4th floor, Hartford, CT, 06106


Office of Child Support Services A (104016) Dept of Social Services

50 Humphrey St, New Haven, CT, 06513

July 12, 2023 Respectfully submitted,

/s/ Theodora F. Antar

*Plaintiff-Appellant, Pro Se*

856 Shagbark Drive, Orange, CT, 06477

theodoraantar@gmail.com

(203)273-8419