UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORA F. ANTAR,<br>    *Plaintiff*,<br><br>    v.<br><br>MATTHEW J. LODICE,<br>    *Defendant*. | No. 3:23-cv-983 (JAM) |

**ORDER REMANDING ACTION TO STATE COURT**

Plaintiff Theodora Antar has removed four actions pertaining to her custody dispute with defendant Matthew Lodice from state court to federal court.[1] For the reasons set forth in this ruling, I will remand all four actions to state court.

**BACKGROUND**

Antar and Lodice share a minor child, A.L.[2] In 2019, Antar initiated two actions in Connecticut Superior Court "to obtain court ordered child support payments, legal custody, and a visitation schedule."[3] After orders were issued in both cases, Antar filed appeals to the Connecticut Appellate Court.[4]

Then, on July 24, 2023, Antar filed a notice removing all four of her state court actions to this Court.[5] I entered an order requiring that Antar show cause as to why each of these actions

---

[1] *See Antar v. Lodice*, No. 3:23-cv-983 (D. Conn. 2023) (*Antar I*); *Antar v. Lodice*, No. 3:23-cv-984 (D. Conn. 2023) (*Antar II*); *Antar v. Lodice*, No. 3:23-cv-985 (D. Conn. 2023) (*Antar III*); *Antar v. Lodice*, No. 3:23-cv-986 (D. Conn. 2023) (*Antar IV*).
[2] *Antar I* Doc. #15 at 5; *Antar II* Doc. #14 at 5; *Antar III* Doc. #14 at 5; *Antar IV* Doc. #14 at 5.
[3] *Antar I* Doc. #15 at 5; *Antar II* Doc. #14 at 5; *Antar III* Doc. #14 at 4–5; *Antar IV* Doc. #14 at 4–5; s*ee Antar v. Lodice*, No. NNH-FA19-5046828-S (Conn. Super. Ct. 2019) (custody and visitation action); *Antar v. Lodice*, No. NNH-FA19-6096801-S (Conn. Super. Ct. 2019) (child support action).
[4] *Antar I* Doc. #15 at 5; *Antar II* Doc. #14 at 5; *Antar III* Docs. #14 at 5, 17 at 183–90, 18 at 15; *Antar IV* Doc. #14 at 5, 14-1 at 13; s*ee T.A. v. M.L.*, No. AC 46588 (Conn. App. Ct. 2023); *T.A. v. M.L.*, No. AC 46666 (Conn. App. Ct. 2023).
[5] *Antar I* Doc. #1; *Antar II* Doc. #1; *Antar III* Doc. #1; *Antar IV* Doc. #1.

should not be remanded to state court.[6] Antar filed responses contending that this Court has federal jurisdiction because "her constitutional rights were violated by the Superior Court of New Haven and in particular by all orders entered into by the Honorable Jane Kupson Grossman."[7] Specifically, Antar alleges "violations of her rights arising under the Fourth Amendment, the Fifth Amendment, the Seventh Amendment, the Eighth Amendment and the Due Process and Privileges and Immunities clauses of the Fourteenth Amendment."[8]

### DISCUSSION

Federal law allows for a defendant who has been sued in a state court to "remove" the case to federal court if a federal court would otherwise have jurisdiction over the complaint. *See* 28 U.S.C. § 1441. Two of the most common grounds for federal jurisdiction are "federal question" jurisdiction pursuant to 28 U.S.C. § 1331 and "federal diversity jurisdiction" pursuant to 28 U.S.C. § 1332.

For removal cases, the Supreme Court has "long held that the presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998).[9] Under the well-pleaded complaint rule, the focus is on what claims the plaintiff alleges in the complaint, and the fact that a defendant may raise federal law defenses or counterclaims does not allow the defendant to remove the case to a federal court. *See, e.g.*, *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392–93 (1987).

---

[6] *Antar I* Doc. #12; *Antar II* Doc. #12; *Antar III* Doc. #12; *Antar IV* Doc. #9.
[7] *Antar I* Doc. #15 at 8; *Antar II* Doc. #14 at 8; *Antar III* Doc. #14 at 8; *Antar IV* Doc. #14 at 8.
[8] *Antar I* Doc. #15 at 11–12; *Antar II* Doc. #14 at 11–12; *Antar III* Doc. #14 at 11–12; *Antar IV* Doc. #14 at 11–12.
[9] Unless otherwise indicated, this opinion omits internal quotation marks, alterations, citations, and footnotes in text quoted from court decisions.

None of Antar's complaints satisfy federal-question jurisdiction. First, the two state superior court complaints Antar has attached to her response to the Court's July 26 order allege solely state law claims for child support, custody, and visitation.[10] Second, Antar's assertion of federal law in two state appellate court filings does not justify the exercise of federal question jurisdiction. As an initial matter, and as Antar herself notes, both of her state appellate actions were withdrawn prior to the initiation of these removal actions.[11] Thus, these state appellate matters no longer present a live controversy for the purpose of evaluating Antar's removal actions. Moreover, Antar's state appellate actions, inasmuch as they invoke questions of federal law do so in a manner best construed as third-party complaints against the state court judge, which "cannot serve as the basis for 'arising under' jurisdiction." *Grohs v. Grohs*, 2017 WL 4678182, at *3 (D. Conn. 2017) (citing *Palisades Collections LLC v. Shorts*, 552 F.3d 327, 332 (4th Cir. 2008)).[12] Accordingly, there is no federal-question jurisdiction to support removal of any of the four actions to this Court.

Nor does diversity jurisdiction allow for removal. Diversity jurisdiction exists only if there is "complete" diversity among the opposing parties—in other words, only if the plaintiff is a citizen of a different State than the defendant. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998); *Strawbridge v. Curtis*, 3 Cranch 267 (1806) (Marshall, C.J.). Antar lists Connecticut addresses for both her and Lodice multiple times across the state court filings she submitted to the Court.[13] The federal diversity statute also requires that the amount in controversy exceed $75,000, but Antar does not allege facts to show that Lodice caused her over $75,000 in

---

[10] *Antar III* Doc. #14-1 at 21; *Antar IV* Doc. #14-1 at 6.
[11] *See Antar I* Docs. #15 at 4, #15-41; *Antar II* Docs. #14 at 4, #14-12.
[12] *See Antar I* Docs. #15-4, 15-23 at 7, 9, 278; *Antar II* Docs. #14-2 at 7, 9, 278.
[13] *See, e.g.*, *Antar I* Doc. #15-45 at 3; *Antar II* Doc. #14-16 at 3; *Antar III* Doc. #21-1 at 5; *Antar IV* Doc. #14-1 at 144.

damages. Accordingly, there is no diversity jurisdiction to support removal of any of the four actions to this Court.

In short, there is no proper basis for removal. A federal court has an independent duty at all times to ensure that it has subject matter jurisdiction regardless of whether any party raises the issue. *See Bhaktibhai-Patel v. Garland*, 32 F.4th 180, 187 (2d Cir. 2022). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Does all this mean that a party who believes her federal rights are being violated in connection with an ongoing state court proceeding has no recourse at all to a federal court to vindicate her rights? Not necessarily so. A party may file a *separate* federal court action rather than *removing* the state court action itself to federal court. Indeed, Antar has filed such a separate action against Lodice and other defendants. *See Antar v. Lodice*, 3:23-cv-1021-JAM (D. Conn. 2023). Therefore, the fact that I am remanding these four actions to state court does not mean that Antar is without means to seek relief in federal court.

Because these actions are being remanded for lack of federal jurisdiction, I have no cause to address procedural defects with respect to the filing of the notices of removal. For example, the federal removal statute allows only a defendant—not a plaintiff—to file a notice of removal. *See* 28 U.S.C. § 1441(a); *Hamilton v. Aetna Life & Cas. Co.*, 5 F.3d 642, 643 (2d Cir. 1993) ("[n]o section [of the removal statute] provides for removal by a plaintiff").

## CONCLUSION

The Court REMANDS this action back to the Connecticut Appellate Court. Because the Court plainly lacks federal jurisdiction over this case, the Clerk of Court shall immediately remand this action without waiting the ten days per Local Rule 83.7.

It is so ordered.

Dated at New Haven this 22nd day of August 2023.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge